UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**AMBER L. TRACY,**

    **Plaintiff,**

vs.                                                                          Case No.  8:06-CV-478-T-EAJ

**MICHAEL J. ASTRUE,**[1]
**Commissioner of Social Security,**

    **Defendant.**

_____ /

## FINAL ORDER

Plaintiff brings this action pursuant to the Social Security Act (the "Act"), as amended, Title 42, United Sates Code, Sections 405(g) and 1383(c)(3), to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her claim for period disability, disability insurance benefits, and supplemental security income.[2]

The undersigned has reviewed the record, including a transcript of the proceedings before the Administrative Law Judge ("ALJ"), the exhibits filed, the administrative record, and the pleadings and memoranda submitted by the parties in this case.

In an action for judicial review, the reviewing court must affirm the decision of the Commissioner if it is supported by substantial evidence in the record as a whole and comports with

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. Therefore, pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, Michael J. Astrue should be substituted for Commissioner Jo Anne B. Barnhart as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Dkt. 14).

applicable legal standards. See 42 U.S.C. § 405(g) (2003). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983) (citations omitted). If there is substantial evidence to support the Commissioner's findings, this court may not decide the facts anew or substitute its judgment as to the weight of the evidence for that of the Commissioner. Goodley v. Harris, 608 F.2d 234, 236 (5th Cir. 1979) (citations omitted).[3]

If the Commissioner committed an error of law, the case must be remanded to the Commissioner for application of the correct legal standard. See Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993). If the reviewing court is unable to determine from the Commissioner's decision that the proper legal standards were applied, then remand to the Commissioner for clarification is required. See Jamison v. Bowen, 814 F.2d 585, 588 (11th Cir. 1987).

**I.**

Plaintiff alleges that she became disabled on September 14, 1993, from a brain abnormality at birth, resulting in headaches, seizures, memory loss, concentration problems, and depression. (T 68, 79) Plaintiff filed applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") on February 24 and February 26, 2003, respectively.[4] (T 68-70, 278-80) Her application was denied initially on August 8, 2003, and denied again after reconsideration on December 5, 2003. (T 40, 48) The ALJ held an administrative hearing on August 11, 2005. (T 59,

---

[3] Decisions of the former Fifth Circuit rendered prior to the close of business on September 30, 1981, are binding precedent in the Eleventh Circuit. Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1209 (11th Cir. 1981).

[4] The ALJ's decision notes that Plaintiff filed applications for DIB and SSI on January 10, 2003 (T 29); the record reflects that Plaintiff filed her applications in February 2003. (T 68-70, 278-80) The inconsistency regarding Plaintiff's filing date is immaterial to the outcome of this case.

287) Prior to the hearing, Plaintiff amended her claim to a closed period of disability between September 9, 2002, and February 17, 2005. (T 289-90) The ALJ denied benefits to Plaintiff in a decision dated August 25, 2005. (T 29-34) The Appeals Council denied Plaintiff's request for review on February 2, 2006, allowing the ALJ's decision to stand. (T 5-7) Plaintiff filed a timely petition for judicial review of the Commissioner's denial after exhausting all administrative remedies (Dkt. 1). Under the Act, the Commissioner's decision is ripe for review.

At the time of the hearing, Plaintiff was twenty-three years old and had attended school through the ninth grade. (T 290-91) Her past work experience included work as a cashier and cook at various fast food restaurants, as a hostess at a restaurant, and as a cashier at Wal-Mart. (T 73-74, 295-96) To determine if Plaintiff was disabled for the claimed period of disability, the ALJ evaluated the evidence for the relevant time period: September 9, 2002, through February 17, 2005. First, the ALJ found that Plaintiff had not engaged in substantial gainful activity during the claimed period. (T 30) Second, the ALJ examined the severity of Plaintiff's impairments. After examining the medical evidence, the ALJ decided that Plaintiff has responded well to treatment for depression and that the depression no longer causes significant functional limitations.[5] (Id.) Comparing this evidence with the report from the State Agency's psychologist, the ALJ found that Plaintiff has no severe mental impairment. (T 31) However, the ALJ determined that Plaintiff has a severe seizure disorder. (T 30)

Next, the ALJ decided that Plaintiff's severe seizure disorder does not meet or equal the

---

[5] In July 2003, Steven N. Kanakis, Psy.D., ("Dr. Kanakis") stated that Plaintiff's neuropsychological functioning was normal and her major depressive disorder was in partial remission. (T 225) Additionally, Dr. Kanakis found that Plaintiff's depressive disorder was currently under good control due to the use of Zoloft. (Id.)

requirements for seizure disorders in the Listing of Impairments.[6] (T 31) Plaintiff has had only one major seizure since September 9, 2002, which was in May 2005, and she testified that minor seizures, if any, have been controlled by the brain surgery Plaintiff underwent in December 2002 and medication. (T 32, 293, 296, 306-07) Finally, the ALJ found that Plaintiff has the residual functional capacity ("RFC") for a restricted range of light work activity.[7] (T 33) The ALJ noted that Plaintiff's statements about the severity of her impairments and its affect on her ability to work are "overstated and not fully credible." (T 32) The ALJ specifically determined that Plaintiff's seizure disorder has remained under good control, her physical examinations have been normal, and the record reflects improvement in her condition despite occasional episodes of numbness. (Id.) Furthermore, the vocational expert ("VE") testified that Plaintiff could perform all of her past work in restaurants and retail stores. (T 33, 310-12) Accordingly, the ALJ found that Plaintiff is not disabled as defined by the Act. (T 33-34)

Plaintiff argues that the Commissioner erred by finding that Plaintiff's condition has improved because there is no substantial evidence in support of that decision (Dkt. 16 at 1).[8]

The medical evidence has been summarized in the ALJ's decision and will not be repeated here except as necessary to address the issues presented.

---

[6] Specifically, the ALJ stated, "There is no indication that [Plaintiff's] minor seizures have resulted in 'transient postictal manifestations of unconventional behavior or significant interference with activity during the day' as required by Listing 11.03." (T 31)

[7] The ALJ decided that Plaintiff has the RFC to lift or carry twenty pounds occasionally and ten pounds frequently, stand or walk for six hours out of eight-hour workdays, and sit for six hours out of eight-hour workdays. (T 34) Plaintiff also has a slightly limited ability to concentrate and must avoid moving machinery and unprotected heights. (Id.)

[8] Plaintiff's two-page memorandum of law is woefully inadequate to articulate why the Commissioner's decision should be reversed or remanded. Nevertheless, the court perceives the sole issue to be the sufficiency of evidence issue stated above.

## II.

Plaintiff contends that the ALJ failed to fully evaluate Plaintiff's seizure disorder and incorrectly found that Plaintiff's condition has improved. Plaintiff argues that the ALJ misinterpreted the medical opinion of Siddharth H. Shah, M.D., ("Dr. Shah") (Dkt. 16 at 2). Also, Plaintiff offers evidence of seizures occurring in May 2005 and September 2005 (Id.).

The proper standard to review the Commissioner's decision is whether there is substantial evidence to support the findings and inferences. Hutchison v. Bowen, 787 F.2d 1461, 1463 (11th Cir. 1986) (internal citation omitted). The court may not decide the facts anew or substitute its judgment as to the weight of the evidence for that of the Commissioner; nevertheless, the court must scrutinize the record in its entirety to determine the reasonableness of the Commissioner's decision. Goodley, 608 F.2d at 236 (internal citations omitted).

In the present case, Plaintiff alleges that the ALJ incorrectly held that Plaintiff's seizure disorder has improved. Plaintiff asserts that the ALJ misinterpreted Dr. Shah's neurological report from June 2003 that did not recommend any additional treatment as an indication that Plaintiff's condition has improved (Dkt. 16 at 1-2). Instead, Plaintiff contends that Dr. Shah did not recommend additional treatment because there was nothing to recommend, not because Plaintiff's condition had improved (Id.). Dr. Shah's report indicates that Plaintiff has a seizure disorder with a residual hemianesthesia. (T 221) Dr. Shah's consultation revealed that Plaintiff has not had a major seizure since 1993, and after Plaintiff's brain surgery in 2002 Plaintiff has been taking medication, which "somewhat control[s] [any minor] seizure[s]." (T 220) Dr. Shah's report also states that Plaintiff denied any "headache, dizziness, vertigo, nausea, vomiting, any slurring of the speech, or any bladder or bowel incontinence." (Id.) Moreover, Plaintiff's physical, motor, and neurological examinations were normal; Dr. Shah noted only a decreased sensation in Plaintiff's

right arm, leg, and right side of her face. (T 221)

In addition to Dr. Shah's medical opinion, the ALJ reviewed other medical evidence in the record as well as Plaintiff's testimony during the hearing. That evidence reveals that Plaintiff had an MRI of the brain on November 7, 2002, when the abnormality was discovered. (T 203-04) Prior to the brain surgery, which occurred December 27, 2002 (T 211-12), Plaintiff complained of blackouts, dizziness, migraine headaches, and numbness in her extremities. (T 206-07, 292-93) After her brain surgery, on January 3, 2003, and on March 26, 2003, Plaintiff reported doing well and "feeling ok" in follow-up medical visits. (T 193, 210) In March, Plaintiff stated she has episodes of numbness and becomes unaware of her surroundings, but she does not black out. (T 193) Plaintiff also stated at that time that she used to have these episodes daily prior to surgery. (Id.)

In August 2005, during the ALJ's hearing, Plaintiff stated that she recovered from her surgery (other than side effects, including migraines and some pain) in two to three months and that she has had only one seizure since the surgery which occurred in May 2005 after the period of disability ended. (T 296-97, 303-04, 307) Plaintiff also testified that she has no physical limitations other than lifting. (T 299) Moreover, when the ALJ asked the VE hypothetical questions including all of Plaintiff's limitations, the VE answered that Plaintiff could have performed her past relevant work during the claimed period of disability. (T 311-12)

The individual claiming disability benefits has the initial burden to prove that she is disabled. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005) (citing Jones v. Apfel, 190 F.3d 1224, 1228 (11th Cir. 1999)). Here, Plaintiff has failed to do so. Based on the record, the ALJ's finding with regard to Plaintiff's seizure disorder is supported by substantial evidence. In order to establish entitlement for a closed period of disability, the claimant's impairment must have lasted for a

continuous period of twelve months. 20 C.F.R. § 404.1509. According to the VE, Plaintiff could have worked any of her past relevant jobs during the claimed period of disability; additionally, Plaintiff testified that she took two to three months to recover and did not have another seizure until May 2005.

Plaintiff submitted new evidence that she went to the emergency room with symptoms of a seizure on September 30, 2005. (T 9-25) Plaintiff uses this incident to support her contention that the ALJ improperly held that Plaintiff's seizure disorder has improved (Dkt. 16 at 2). However, the court is limited to reviewing the record before the ALJ. Falge v. Apfel, 150 F.3d 1320, 1323 (11th Cir. 1998), cert. denied, 525 U.S. 1124 (1999). Also, Plaintiff has made no effort to meet the three-part test for a new evidence remand under 42 U.S.C. § 405(g). See, e.g., Vega v. Comm'r of Soc. Sec., 265 F.3d 1214, 1218 (11th Cir. 2001) (citations omitted).

Plaintiff filed for a closed period of disability from September 9, 2002, through February 17, 2005. At the hearing, the ALJ was aware of the major seizure Plaintiff had in May 2005, but he still determined that Plaintiff's condition has improved overall for reasons discussed previously. The ALJ determined that while Plaintiff has a severe seizure disorder, the severity does not meet the requirements in the Listing of Impairments. Accordingly, the ALJ found that Plaintiff has a RFC for a restricted range of light work activity and could perform her past work. Moreover, it does not appear that the new evidence related to the time period before the ALJ's determination since this seizure occurred outside the claimed period of disability.

Based on the evidence before the Commissioner, the ALJ's determination that Plaintiff's seizure disorder has improved is supported by substantial evidence and based on the pertinent legal principles.

### **Conclusion**

The ALJ's decision is supported by substantial evidence and the proper legal principles. The decision of the Commissioner denying Plaintiff's application for Disability Insurance Benefits and Supplemental Security Income payments is therefore affirmed.

Accordingly and upon consideration, it is **ORDERED** and **ADJUDGED** that:

1) The decision of the Commissioner is **AFFIRMED** and this case is **DISMISSED** with each party to bear its own costs and expenses; and

(2) The Clerk of Court shall enter final judgment in favor of Defendant consistent with 42 U.S.C. §§ 405(g) and 1383(c)(3).

**DONE AND ORDERED** in Tampa, Florida on this 23rd day of March, 2007.

_____
ELIZABETH A JENKINS
United States Magistrate Judge

8